**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 5, 2005[*]
Decided April 6, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04–3490

| | |
|---|---|
| CHARLES E. BRADFORD, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
|     *v.* | No. 1:03–CV–177 |
| MAXWELL TREE EXPERT CO., INC., <br>     *Defendant-Appellee.* | Roger B. Cosbey, <br> *Magistrate Judge.* |

**O R D E R**

Charles Bradford filed this lawsuit alleging that Maxwell Tree Expert Company failed to rehire him because of his race, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Bradford, an African-American landscape foreman, and Jeff Feasel, a fellow-landscaper who is white, were fired after company owner Gregory Maxwell smelled marijuana in the van that the two of them had used for the day. Several days later, Feasel returned to the office to gather his personal effects, and while he was there confronted Maxwell's wife and the company's business manager, Gina Maxwell, and told her that he was wrongfully terminated because he had not been smoking marijuana. Gina referred him to Gregory, who rehired Feasel after he passed a drug test. Bradford attempted unsuccessfully to contact Gina Maxwell about his termination; he visited

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the office and then called several times (the parties dispute the precise number) but did not reach her.  Whenever he called, Bradford spoke to the receptionist but did not tell her why he wished to speak to Gina; the one time that the receptionist inquired of his purpose, Bradford replied that he wanted to discuss matters pertaining to his insurance plan and pension.  Since he did not reach Gina, he never protested his termination nor offered to take a drug test, as Feasel had.

The district court granted summary judgment to the company.  It concluded that Bradford failed to provide direct evidence of a discriminatory failure to rehire or to establish a *prima facie* case of discrimination through the indirect method.  Further, the court noted, Bradford did not demonstrate that Maxwell's stated reason for refusing to rehire him—that, unlike Feasel, he did not request reinstatement or pass a drug test—was pretextual.

On appeal, Bradford, who is proceeding *pro se*, first argues that the performance of his counsel in the district court was inadequate.  But this is not a reason to disturb the district court's judgment, because there is no Sixth Amendment right to effective assistance of counsel in a civil case.  *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001); *United States v. 7108 W. Grand Ave., Chicago, Ill.*, 15 F.3d 632, 635 (7th Cir. 1994).  If Bradford's counsel was deficient, Bradford may seek recourse against him in a malpractice action, but he cannot do so in this appeal.

Next Bradford broadly challenges the district court's judgment by asserting that there was a "lack of evidence to justify a summary judgment."  We have reviewed the record, however, and are satisfied that the district court reached the correct result.  Bradford failed to provide direct evidence that he was not rehired because of his race; his general allegations of past racist remarks by Gregory Maxwell are vague and unsupported by evidence in the record, and they bear no apparent connection to the company's decision not to rehire him.  *See Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir. 2003).  Bradford also could not prove discrimination under the *McDonnell Douglas* burden-shifting formula, because the uncontested evidence shows that he and Feasel, the white employee who received better treatment, were not similarly situated.  *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617–18 (7th Cir. 2000) (proving that employees are similarly situated entails showing that they "engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them").  Unlike Feasel, Bradford did not confront the Maxwells, contest his termination, or pass a drug test.

Since Bradford cannot prove discrimination through the direct or indirect method, his claim must fail.  Accordingly, the judgment of the district court is AFFIRMED.